**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ADP, LLC,**<br><br>**Plaintiff,**<br><br>v.<br><br>**UMINDERJIT BAKSHI,**<br><br>**Defendant.** | **Civil Action No. 15-8385 (CCC)**<br><br>**OPINION** |

**FALK, U.S.M.J.**

This is a breach of an employment agreement case. Plaintiff—ADP, LLC—alleges that Defendant—Uminderjit Bakshi—violated the provisions of his employment agreements when he resigned from ADP and began to work for a competitor. The case was filed in New Jersey pursuant to a forum selection provision contained in the agreements. Before the Court is a motion by Bakshi to transfer the case, pursuant to 28 U.S.C. § 1404, to the United States District Court for the Northern District of California, or in the alternative, to dismiss the case based on California law and public policy. [ECF No. 8.] The motion is opposed. No argument is needed. Fed. R. Civ. P. 78(b). For the reasons stated below, Bakshi's motion is **DENIED**.

## **BACKGROUND**[1]

ADP is a limited liability company formed under Delaware law with its principal place of business in New Jersey. ADP is a provider of business outsourcing and software services to clients, including human resources, payroll, tax, and benefits administration. In August 1995, ADP hired Mr. Bakshi to work in its Small Business Services Division in Washington D.C., and he executed a Sales Representative Agreement that contained a New Jersey forum selection clause and a New Jersey choice of law provision. Mr. Bakshi remained in that position until June 29, 1998, when he was promoted and began to work for ADP in California, where he now resides.

Bakshi worked for ADP in California for 17 years from June 1998 until he resigned on September 4, 2015. During his 17 years working for ADP in California, Bakshi's accounts were located in California and other locations on the West Coast; none were located in New Jersey. However, during his 17 year tenure in California, ADP offered Bakshi (among other employees) participation in a stock award program. To receive stock under the program, Bakshi was required to execute Restricted Stock Award Agreements, which contained certain restrictive covenants as well as New Jersey forum selection clauses and New Jersey choice of law provisions. Mr. Bakshi accepted stock and executed the agreements on seven occasions from October 2005 through September

[1] The background is limited to what is necessary to decide the motion and is drawn from the pleadings, briefs, and declarations submitted. The allegations in the Complaint are assumed to be true for purposes of this motion. Citations are omitted

2014.  The forum selection provisions in the agreements state, in relevant part:

> I agree that any action by me to challenge the enforceability of this Agreement must be brought or litigated exclusively in the appropriate state or federal court located in the State of New Jersey.  I also agree that any action by ADP to enforce this Agreement, as well as any related disputes or litigation related to this Agreement, may, but do not have to, be brought in the appropriate state or federal court located in the State of New Jersey.

(Certification of Jonathan I. Nirenberg, ¶ 2, Ex. A.)[2]

Bakshi voluntarily resigned employment with ADP effective September 4, 2015, and informed the company that he planned to join another company—identified as Workday, Inc.—which competes with ADP in the business outsourcing field.

On October 13, 2015, ADP filed the present action in the New Jersey Superior Court, Essex County, alleging that Bakshi's employment with Workday violates the restrictive covenants in his employment agreements.

On December 2, 2015, Bakshi removed the case to federal court based on federal diversity jurisdiction.

On December 23, 2015, Bakshi filed the present motion to transfer the action to the United States District Court for the Northern District of California.  In the alternative, he requests that the case be dismissed because ADP's claims relating to the restriction on his employment violate California law and public policy.

---

[2] Since ADP commenced this action, we are concerned with the second sentence in the clause.

Bakshi contends that the forum selection provisions in the various agreements he signed are "permissive" and should be given minimal weight. He alleges that transfer is appropriate because the case is centered in California and that the circumstances of this particular case require transfer regardless of any forum selection provisions.

ADP, relying on the Supreme Court's opinion in *Atlantic Marine Const. Co. v. U.S. Dist. Court for the W. Dist. of Texas*, 134 S. Ct. 568 (2013), contends that, where, as here, a plaintiff files suit in the forum permitted and contemplated by a forum selection provision, the court must enforce the provision and "disregard" the parties' private interests, traditionally factors considered in a Section 1404 analysis. ADP also claims that the motion to dismiss should be denied because New Jersey, not California, law controls, and Bakshi did not exclusively work in California but also in New Jersey.

**ANALYSIS**

28 U.S.C. § 1404(a) provides federal courts with authority to transfer a case to another district "where it may have been brought," when doing so is "[f]or the convenience of the parties and witnesses, or in "the interests of justice." *Id.* The purpose of the federal transfer statute is to "prevent the waste of 'time, energy and money' and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Ricoh Co., Ltd. v. Honeywell, Inc.*, 817 F. Supp. 473, 479 (D.N.J. 1993) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)). The decision to transfer is a highly discretionary one. *See, e.g.*, *Superior Oil v. Andrus*, 656 F.2d 33, 42 (3d Cir. 1981)

("[A] district court has broad discretionary powers under [Section 1404(a)] to transfer any civil action to any other district where it might have been brought.").

"There is no definitive formula or list of factors to consider when deciding a motion to transfer." *Landmark Fin. Corp. v. Fresenus Med. Care Holdings, Inc.*, 2010 WL 715454, at *2 (D.N.J. Mar. 1, 2010). However, the Third Circuit in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995), has articulated certain "public" and "private" interests implicated by Section 1404(a). Private interests include but are not limited to: (1) plaintiff's original choice of venue; (2) defendant's forum preference; (3) where the claim arose; (4) convenience to the parties in light of their financial and physical condition; (5) availability of witnesses in each of the fora; and (6) the location of books and records. *See id.* at 879. Public concerns include but are not limited to: (1) the ability of each forum to enforce the judgment; (2) practical considerations that would make trial more expeditious or inexpensive; (3) court congestion; (4) local interest in deciding the controversy; (5) public policies of each fora; and (6) familiarity with state law in diversity cases. *Id.*

The moving party bears the burden of establishing that the proposed transferee forum is more convenient for the parties and witnesses. *See CIBC World Mkts., Inc. v. Deutsche Bank Sec., Inc.*, 309 F. Supp. 2d 637, 643 (D.N.J. 2004); *Job Haines Home for the Aged v. Herbert J. Young, et al.*, 936 F. Supp. 233, 227 (D.N.J. 1996) ("[T]he plaintiff's choice of forum will prevail, unless the party moving for the transfer can

convince the court otherwise."). And courts must "determine whether on balance the litigation would more conveniently proceed and the interest of justice be better served by transfer to a different forum." *Id.*; *see also Clark v. Burger King Corp.*, 255 F. Supp. 2d 334, 337 (D.N.J. 2003). The "analysis is flexible and must be made on the unique facts of each case." *Calkins v. Dollarland, Inc.*, 117 F. Supp. 2d 421, 428 (D.N.J. 2000).

**A. <u>Transfer</u>**

The Supreme Court's *Atlantic Marine* decision addresses the enforcement of forum selection clauses, although its full scope is still subject to some debate. In *Atlantic Marine*, the Supreme Court held, *inter alia*, that: (1) a valid forum selection clause is an important consideration in a Section 1404(a) analysis and that a case should usually be transferred to the district specified in the clause, absent unusual circumstances; and (2) when there is a valid forum selection clause, and a case is filed in a district other than the one specified in the clause, the court's Section 1404(a) transfer considerations change in three ways: [] the plaintiff's choice of forum becomes immaterial; [] the parties' private interests—traditional transfer considerations—should not be considered, and should be deemed to weigh entirely in favor the selected forum; and [] the original venue's choice of law rules do not apply. *See* 134 S. Ct. at 581-82. *Atlantic Marine* strongly suggests that when a valid forum selection clause is present, the case should proceed in that forum, although there remains the possibility of an exceptional case warranting a deeper analysis.

The parties agree that the portion of the forum selection provision that applies to this case is permissive as opposed to mandatory—that is, authorizing litigation in New Jersey but not requiring it. *See Dawes v. Publish Am. LLLP*, 563 Fed. Appx. 117, 118 (3d Cir. 2014) ("A permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere, whereas a mandatory clause . . . dictates an exclusive forum for litigation under the contract."). Relying on a series of non-binding cases, Bakshi contends that *Atlantic Marine* is not applicable when the forum selection provision is permissive.[3] ADP counters with cases that generally adhere to *Atlantic Marine* in all contexts.

On the facts of this case, *Atlantic Marine* remains substantially influential.

In *Asphalt Paving Sys. v. Gannon*, Senior District Judge Joseph H. Rodriguez denied a motion to transfer relying on *Atlantic Marine*, despite the clause being permissive. *See* 2015 WL 3648739, at *3 (D.N.J. June 11, 2015). There, the parties had executed a stock purchase agreement that contained a permissive forum selection clause authorizing suit in New Jersey but not prohibiting litigation elsewhere. *Id.* at *2. Plaintiff brought suit in New Jersey, and the defendants moved to transfer to the United States

---

[3] *See, e.g., Networld Commc'ns Corp. v. Croatia Airlines*, 2014 WL 4724625, at *2 (D.N.J. Sept, 23, 2014); *Fin. Cas. & Sur., Inc. v. Parker*, 2014 WL 2515136, at *3 (S.D.Tex. June 4, 2014); *RELCO Locomotives, Inc. v. AllRail, Inc.*, 4 Supp. 2d 1073, 1085 (S.D. Iowa Mar. 5, 2014); *Residential Fin. Corp. v. Jacobs,* 2014 WL 1233089, at *3 (S.D. Ohio Mar. 25, 2014); *United States ex rel v. MDI Servs., LLC v. Fed. Ins. Co.*, 2014 WL 1576975, at *3 (N.D. Ala. Apr. 17, 2014).

District Court for the Eastern District of New York, alleging that the underlying conduct occurred there and that the witnesses resided in New York. *Id.* While acknowledging that the forum selection provision was permissive and without finding that *Atlantic Marine* was binding, Judge Rodriguez found that the *policy* considerations supporting the *Atlantic Marine* decision "instructive," specifically, that "[w]hen parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties settled expectations ... In all but the most unusual cases, the 'interests of justice' is served by holding the parties to their bargain." *Id.* at *3 (citing *Atlantic Marine*, 134 S. Ct. at 583). Finding that the forum selection provision and the Plaintiff's choice of forum weighed in favor of keeping the case in New Jersey – and that none of the traditional Section 1404 factors strongly supported transfer – the motion was denied. *Id.*

Additionally, about a month ago, Senior District Judge Katharine S. Hayden denied a motion to transfer in *ADP LLC v. Chase Amundson*, Civ. A. No. 15-8951 (KSH), which is the same type of employment case as this one and involved ***the same forum selection clause at issue in this case***. (*See* Transcript of Oral Opinion, dated February 11, 2016, ECF No. 12-1.) Relying on both Judge Rodriguez's opinion and *Atlantic Marine*, Judge Hayden found that the ADP clause, which is again the same as the one in this case, "just keeps rolling on and on that New Jersey law, a New Jersey court state or federal is going to be the focus of any litigation . . . . I believe that feeding into the

applicability of this clause or this provision to where this case is going to be situated by talking about . . .weigh[ing] the equities, flies in the face of clear and not only trending expression of the law, which is that where we've got a contractual forum selection clause we follow it." Op. at 42; ECF No. 12-1.

This case is similar to *Asphalt Paving* and *ADP* and I choose to follow their logic. Here, there is one plaintiff and one defendant and multiple agreements setting litigation in New Jersey. No other forum is mentioned. And the agreements were entered into in allegedly exchange for consideration (i.e., stock). ADP is located in New Jersey and chose to file suit in its home forum. And that home forum is the same one designated in the forum selection agreement. If *Atlantic Marine* were controlling, it would not be appropriate to consider the private interest factors and they would all weigh in favor of keeping the case in New Jersey. But it is unnecessary to reach that conclusion, for even if *Atlantic Marine* is not considered binding in the context of the permissive forum selection provision here, a full weighing of the Section 1404 factors does not compel transfer of this case to California. Bakshi bears the burden to force a transfer of this case. *See CIBC World Mkts.,* 309 F. Supp. 2d at 643. He falls short.

ADP filed this case in its home forum and one specifically contemplated by the forum selection provision. That is entitled to legitimate deference. *See, e.g., Print Data Corp. v. Morse Fin. Inc.*, 2002 WL 1625412, at *8 (D.N.J. July 17, 2002) ("As a resident of New Jersey, plaintiff's choice of forum must be accorded great weight."). Moreover,

Bakshi has failed to make a clear showing that the convenience of parties or witnesses supports transfer. While he vaguely mentions that certain unspecified witnesses are in California, Bakshi is not specific about the importance of their testimony or why it cannot be presented by other than live testimony, which is his obligation. *See Bachmann Software & Servs, v. Intouch Group, Inc.*, 2008 WL 2875680 (D.N.J. July 22, 2008 ("The party seeking transfer should support its motion with affidavits and other documentation that establishes that the interests of justice and convenience of the parties would best be served by transfer."); *see also Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756-57 (3d Cir. 1973).[4] The Court is sensitive to the transfer significance attached to non-party witnesses who may not be compelled to attend trial. However, Bakshi has not articulated precisely how these unidentified witnesses are necessary; why these witnesses will not attend trial; or why he would be prejudiced by deposition testimony of these witnesses. Finally, none of the other transfer factors weigh for or against transfer based on what has

---

[4] With regard to convenience of the witnesses, the *Plum Tree* court noted:

> Examples of such documents would be a list of the names and address of witnesses whom the moving party plans to call and affidavits showing the materiality of the matter to which these witnesses will testify, statements by the moving parties of the business difficulties or personal hardships that might result from their having to defend against the suit in the district court where it was originally brought, affidavits concerning the relative ease of access to sources of documentary evidence, and other materials where appropriate.

*Security Police and Fire Professionals v. Pfizer*, 2011 WL 5080803, at *7 (quoting *Plum Tree, Inc.*, 488 F.2d 754 at 757, n.2)).

been presented—e.g., New Jersey and California both have interest in protecting their citizens; books and records are located in both states; and the parties dispute where the claims arose and what law applies, which are issues that are in equipoise and are not properly resolved in the context of this motion.

Finally, Bakshi claims that even if *Atlantic Marine* applied, this is an "exceptional case" that would nevertheless support transfer, citing my opinion in *Howmedica Osteonics Corp. v. Sarkisian*, 2015 WL 1780941 (D.N.J. Apr. 20, 2015), which ordered the transfer of a case to a non-designated forum (California) despite *Atlantic Marine*. Indeed, Bakshi claims that the "facts of *Howmedica* are strikingly similar to the facts of the case of the bar." (Pl.'s Reply Br. 8.)  I disagree.

The facts of this case are actually quite *different* than *Howmedica*.  *Howmedica* involved five individual defendants and two companies.  *Id*. at *3-4.  The individual defendants had differing forum selection provisions, some designating New Jersey but another designating Michigan.  *See id.*  It also involved the presence of multiple corporate defendants, one of which had no obvious connection to New Jersey and had raised strong personal jurisdiction questions.  *Id*.  There was also a question of who the proper plaintiff was.  *Id.*  And there were important non-party witnesses that were specifically identified.  *Id*.  In short, *Howmedica* involved the efforts of a plaintiff to shoehorn a dispute into a single forum, despite competing and conflicting forum selection provisions and disputes over personal jurisdiction.  Here, there is one Plaintiff with one forum selection provision

and no articulated personal jurisdiction dispute. *Howmedica* bears no resemblance to this case.[5]

In sum, we have a New Jersey based Plaintiff that filed a lawsuit in its home forum pursuant to a forum selection provision. The single defendant in the case executed multiple agreements that contained New Jersey forum selection provisions. And, even assuming the Section 1404 factors are appropriately considered in the face of *Atlantic Marine*, Bakshi has failed to carry his burden to show that a transfer of the case is warranted. Moreover, less than a month ago, a Senior District Judge in this District denied a motion to transfer involving the same ADP forum selection clause. For all of these reasons, the motion to transfer is **denied**.

---

[5]Bakshi contends that numerous cases that reject *Atlantic Marine* when the clause at issue is permissive. *See, e.g.*, *Waste Mgmt. of La. v. Jefferson Parish*, 594 Fed. Appx. 820 (5th Cir. 2014); *CDG Acquisitions, LLC v. Government of Belize*, 749 F.2d 1024 (11th Cir. 2014); *Networld Communications v. Croatia Airlines*, 2014 WL 4724625 (D.N.J. Sept. 23, 2014). The cases he cites, however, are distinguishable. Indeed the three identified above involve a *defendant* making a motion to dismiss a lawsuit on *forum non conveniens* grounds based on a permissive forum clause; they do *not* involve the facts presented here—that is, a *plaintiff* filing suit in a district specifically contemplated by a forum selection provision. To the extent that Bakshi relies on unpublished cases from Ohio and Texas that state otherwise, the Undersigned believes that the decisions from Judge Rodriguez and Judge Hayden are more persuasive.

Moreover, the Court does not conclusively find that *Atlantic Marine* controls in the context of a permissive forum selection clause. Rather, the Court concludes, like Judge Rodriguez did, that the policy underlying *Atlantic Marine* is strongly in favor of enforcing forum selection provisions, and equally important, that Mr. Bakshi has failed to make a compelling showing to support transfer under a traditional, factor-based Section 1404 analysis.

**B. Dismissal**

Bakshi claims that if the case is not transferred, it should be dismissed because California's law and strong public policy prohibit the enforcement of non-compete agreements against its citizens. Bakshi does not mention Federal Rule of Civil Procedure 12(b)(6), instead citing California Business & Professions Code § 16600. ADP counters that Rule 12(b)(6) only requires a plausible claim at the pleading stage, and that Bakshi's motion does not claim that ADP's claims are not plausible or deficient in any manner; rather, ADP argues, he improperly asks the Court to set aside the New Jersey choice of law provision, apply California law, and dismiss the case.

Federal Rule of Civil Procedure 12(b)(6)—which Bakshi does not address in either his moving or reply brief—provides for the dismissal of a complaint if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all of the allegations in the Complaint as true and view them in the light most favorable to the plaintiff. *See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *Id.* A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is responsible for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "[t]he plausibility standard is not akin to a probability requirement it asks for more than a 'sheer possibility.'" *Id.*

ADP's pleading easily satisfies the *Iqbal/Twombly* standard. The pleading alleges the existence of a contract with a valid choice of law provision selecting New Jersey law. It states that Bakshi was subject to restrictive covenants, including non-compete and non-solicitation provisions. And it states that Bakshi is violating those restrictions by, *inter alia*, selling Workday software, which is the same or substantially similar to the services he provided ADP. Under New Jersey law, a claim has clearly been pleaded. Perhaps California law will somehow ultimately apply in this case. But courts often hesitate to decide complex choice of law disputes prior to discovery. *See, e.g.*, *Port Auth. of N.Y. & N.J. v. Arcadian*, 991 F. Supp. 390, 398 (D.N.J. 1998). This makes consummate sense, especially in this case, where the parties' briefs reveal fact disputes relating to Bakshi's contacts with New Jersey, including: his alleged attending of training courses in New Jersey; attending business meetings in New Jersey; and his sale of products developed and originated in New Jersey. (*Compare* Pl.'s Br. 22-27 *with* Def's Reply Br. 10-12.)

These disputes require discovery and further exploration before a proper choice of law analysis can be performed. Moreover, Bakshi does not cite a single case from New Jersey that dismissed a complaint based on California public policy concerns at the pre-answer stage.

In this Court's view, a pleading has been filed that, assuming the allegations are true, plainly states a claim under New Jersey law sufficient to allow this case to proceed. For that reason, Bakshi's alternative request for dismissal based on the bare pleading is **denied**. If discovery reveals a genuine basis to dismiss, the Court will address the issue at that time.

## CONCLUSION

Based on the above, Defendant's motion to transfer this case to the United States District Court for the Northern District of California is **DENIED**. His alternative request for dismissal of the Complaint is also **DENIED**.

**s/Mark Falk**
**MARK FALK**
**United States Magistrate Judge**

**DATED: March 29, 2016**